## Commonwealth v. Benner

*Harold F. Bonno*, district attorney, for Commonwealth.

*Leonard R. Apfelbaum*, for defendant.

TROUTMAN, J., February 13, 1953. — Defendant, having waived a summary hearing before a justice of the peace on a charge of violating section 1002, subsection (*b*) of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §501, and having given bond for appearance for the trial before a judge of the court of quarter sessions under the provisions of section 1204 of The Vehicle Code, supra, 75 PS §734, has made a motion to dismiss the proceedings because of alleged defects in the notice to appear mailed to him by the justice of the peace as required by section 1202 of The Vehicle

Code, 75 PS §732. The question presented is whether a defect in such notice vitiates the proceedings and requires a dismissal thereof in the court of quarter sessions.

Section 1202 of The Vehicle Code, supra, as amended, 75 PS §732, provides:

"(a) Summary proceedings under this act may be commenced by the filing of information, which information must be filed in the name of the Commonwealth; and, within the period of seven (7) days after information has been lodged, the magistrate shall send by registered mail, to the person charged, at the address shown by the records of the department, a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days of the date of the written notice. 1. If the person named in the information shall not voluntarily appear within ten (10) days of the date of the written notice, a warrant shall then issue and may be served by a peace officer having authority to serve warrants in the county in which the alleged violation has been committed. . . ."

Defendant contends that the notice which was mailed to him does not comply with this act because it is not a forthwith notice to appear within 10 days but gives defendant two other alternatives, to wit, payment of $13.50 as fine and costs, if defendant does not desire to contest the charge, or a notification that he desires a hearing thereon.

We are of the opinion that the notice complies with the requirements of The Vehicle Code and the fact that it goes further, for defendant's own convenience, to give him an opportunity to pay a fine if he believes himself guilty or to arrange a hearing if he believes himself innocent, does not invalidate the portion of the notice which requires him to appear if he does not choose one of the other alternatives.

The notice in the present case in very similar to the notices involved in the cases of Commonwealth v. Bair, 75 D. & C. 512 and Commonwealth v. Lester Schuster, 38 Del. Co. 358, where the respective courts concluded that the notice in those cases complied with the law.

In the instant case defendant voluntarily appeared before the justice of the peace, waived summary hearing and gave bond for his appearance for trial before a judge of the court of quarter sessions. Upon his voluntary appearance, the notice has fulfilled its entire purpose—it has apprised him of the charge pending against him and of the justice of the peace before whom it was pending, and defendant has appeared and taken the next step.

The effect of the notice under this section is not to give the justice of the peace jurisdiction of the person of defendant as is the case where a summons is served upon a defendant in a civil action, and a failure to comply with the notice does not result in a default so far as the subject-matter of the case is concerned; it merely results in the use of process to secure jurisdiction of his person. That which gives the justice of the peace jurisdiction of defendant is his voluntary appearance and not the fact of the notice being mailed to him. A general appearance by a defendant in an action against him in a court having jurisdiction of the subject-matter confers jurisdiction of his person, regardless of the fact that process was not served upon him, or of the fact that the process or the service thereof may have been defective: Commonwealth v. Maun, 68 D. & C. 288, 290.

The notice required under this section is not a process by which the justice of the peace acquires jurisdiction but it is merely a notice to give defendant an opportunity to appear voluntarily and thereby avoid the necessity of process. The purpose of the notice was

to inform defendant of the fact that a charge had been lodged against him and, even if we assume there was a technical defect in the notice, there is no doubt but that it accomplished this purpose inasmuch as defendant did appear, waived a hearing, entered bond and took his appeal to this court.

Defendant has cited the case of Commonwealth v. Reeder, 78 D. & C. 93, in support of his motion in which case an opposite result was reached. However, we cannot agree with the reasoning in that case.

We conclude that the notice in the instant case complied with the law.

### Order

And now, to wit, February 13, 1953, defendant's motion to dismiss the proceedings is hereby overruled and defendant is hereby directed to appear before this court for a hearing of this case on Wednesday, February 25, 1953, at 10 a.m. at the Court House, Sunbury, Pa.